**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JUSTIN M. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 21-870 |
| | ) | |
| v. | ) | Judge Cathy Bissoon |
| | ) | Chief Magistrate Judge Cynthia Reed Eddy |
| LAURA WILLIAMS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM ORDER**

This case has been referred to Chief Magistrate Judge Cynthia Reed Eddy for pretrial

proceedings in accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(l)(A) and (B),

and Local Rule of Civil Procedure 72.

On August 4, 2022, the Magistrate Judge issued a Report (Doc. 64) recommending that

Defendants' Motion to Dismiss (Doc. 37) be granted in part and denied in part, as described in

the Report.  Service of the Report and Recommendation ("R&R") was made on Plaintiff, and no

objections have been filed.

After a review of the pleadings and documents in the case, together with the Report and

Recommendation, Defendants' Motion to Dismiss (**Doc. 37**) is **GRANTED IN PART**

and **DENIED IN PART**, as follows.  Plaintiff's Fourteenth Amendment claim regarding his

suicide watch is dismissed with prejudice, as to all Defendants.  Plaintiff's Fourteenth

Amendment claim regarding the denial of medical care is dismissed without prejudice,

as to Defendants Williams, Wagner, and Lebakken; and Plaintiff will be permitted to amend his

pleadings in this regard.  Plaintiff's Fourteenth Amendment conditions-of-confinement claim

may proceed against Defendants Williams, Wagner and Lebakken, only.  Finally, all claims

against Defendant Gillespie are dismissed with prejudice.  The R&R (Doc. 64) is adopted as the Opinion of the District Court.

Having adopted the R&R, the Court now resolves some loose ends.  On or around April 13, 2022, the Court received from Plaintiff, and the Clerk's Office filed, a submission titled, "Amended Complaint No. 2."  *See* Doc. 57.  Plaintiff had not, by then, been granted leave to file a second amended complaint, and it was docketed as under the ECF event, "Remark," and identified as a "Proposed Second Amended Complaint."  *See id.*  Although the submission predated the R&R, the R&R does not address it.

The District Court has reviewed the contents of Plaintiff's submission, and it does not undermine the reasoning of the R&R, or change its conclusions.  Accordingly, Plaintiff's submission is deemed a Motion for leave to file a second amended complaint, and the Motion is DENIED.

After the filing of the R&R, Plaintiff submitted a "Motion for Continuance [to file] Amended Complaint No. 3 [regarding his] medical care claim."  Doc. 67.  The filing appears to be in response to the R&R's ruling, now adopted by the District Court, allowing Plaintiff to amend his denial of medical care claim against Defendants Williams, Wagner, and Lebakken. *See* discussion above.  In requesting a continuance, Plaintiff represents that he currently is in solitary confinement, and his legal materials are being withheld "by internal affairs" pending an investigation.  *See id.*

Plaintiff's Motion for an extension (**Doc. 67**) is **GRANTED**, as follows.  The Court is prepared to grant Plaintiff a reasonable extension to file a second amended complaint, addressing his denial-of-medical-care claim.  To be clear, such a filing will be a second amended complaint,

not a third amended complaint, because Plaintiff to this point has not effectively filed a second amended complaint.

Plaintiff's request is somewhat problematical, however, in that the Motion gives no indication regarding how long of an extension is needed.  In fairness, Plaintiff himself may not know.  The issue extends beyond the filing of a second amended complaint, moreover, in that it is hard to imagine how Plaintiff may prosecute *any* of his remaining claims under the circumstances alleged.

Thus, the Court will order as follows.  The case hereby is **STAYED** and **STATISTICALLY CLOSED**.  Statistical closure is a docket control device, and it does not prejudice the rights of the parties in any manner.  When Plaintiff (or Defendants) have reason to believe that the case may proceed, Plaintiff or Defendants may file a motion to lift the stay and reopen the case.  Once the case has been reopened, the Magistrate Judge will enter an order setting a deadline for Plaintiff to file a second amended complaint.

Once the deadline for amendment has been established, Plaintiff must timely submit a second amended complaint, or the dismissal without prejudice of his medical care claim summarily will be converted to one with prejudice (although, to be clear, Plaintiff's conditions-of-confinement claim may proceed against Defendants Williams, Wagner and Lebakken, regardless of whether there is an amendment).  To the extent that Plaintiff elects to file a second amended complaint, its contents must be limited to what has been contemplated in the R&R, as adopted by this Order.  The Court will not grant further opportunity for amendment, so Plaintiff must make last, best efforts to plead a legally supportable claim.

IT IS SO ORDERED.

August 31, 2022                              s\Cathy Bissoon
                                             Cathy Bissoon
                                             United States District Judge

cc (via First-Class U.S. Mail):

Justin M. Miller
DOC No. 163590 - Pod - 8E
Allegheny County Jail
950 Second Avenue
Pittsburgh, PA  15219

cc (via ECF email notification):

All Counsel of Record