IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JUSTIN M. MILLER,<br><br>         Plaintiff,<br><br>    vs.<br><br>LAURA WILLIAMS, CHIEF DEPUTY WARDEN OF MEDICAL SERVICES; CORRECTIONS OFFICER WAGNER, MEGAN LEBAKKEN, MENTAL HEALTH SPECIALIST;<br><br>         Defendants, | 2:21-CV-00870-CB-CRE |

### REPORT AND RECOMMENDATION

**Cynthia Reed Eddy, United States Magistrate Judge.**

**I.     Recommendation**

This prisoner civil rights action was initiated in this court on July 12, 2021, by *pro se* Plaintiff Justin Miller. In his Second Amended Complaint ("SAC"), Plaintiff has set forth claims against Defendants Laura Williams, Chief Deputy Warden of Medical Services; Corrections Officer Wagner; and Mental Health Specialist Megan Lebakken, asserting causes of action against them pursuant to 42 U.S.C. § 1983, and the Fourteenth Amendment to the United States Constitution. SAC (ECF No. 75). This court has subject matter jurisdiction over the controversy pursuant to 28 U.S.C. § 1331.

Presently before the court is a motion by Defendants to dismiss the SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. (ECF No. 80). For the reasons that follow, it is respectfully recommended that Defendants' motion be denied.

1

**II.     Report**

**A. Factual and Procedural History**

This matter involves Plaintiff's incarceration and treatment in the Allegheny County Jail ("ACJ"). According to Plaintiff, while he was on a hunger strike, he was denied medical care. SAC (ECF No. 75) at 13. Plaintiff claims that on December 15, 2020, while he was on his hunger strike, he was not provided eye drops that had been prescribed to treat his swollen retina. *Id*. Plaintiff asserts that he repeatedly requested medical care for the pain in his eye. Plaintiff ended his hunger strike on December 18, 2020, and once again had access to his eye drops. *Id*. at 14. It is Plaintiff's contention that withholding of medical treatment caused him "extreme pain" and an "increase in eye pressure." *Id*. at 15. Relevantly, the SAC provides the following.

> On 12-15-20 at 9:25 am before being moved to 5C per medical records posted by Esther Stanton PA (he states there was damage to his left eye with a swollen retina and his vision is decreasing. He also complains that he is out of eye drops, but they were reordered). On 12-15-20 to 12-17-20 I alerted staff and medical that I needed to see medical that my eye was getting worse and that they aren't providing me with any drops that they left them in my cell in solitary. All staff said that COW Laura Williams told them not to speak with me due to being on a hunger strike. I was housed in a cell with a camera and that's also proof that they refused to provide me with my eye drops. This resulted in pain and swelling of my left eye. COW Laura Williams was in charge of scheduling my hospital visit for my OCT scan and was aware of the injury prior to the hunger strike. Defendant Williams maliciously told staff not to respond to my pleas for help from medical. On 12-18-20 I was moved to 5D for medical observation for the hunger strike. I continually asked C.O. Wanger and Megan Lebakken for medical due to me not having my eye drops and that due to not having them for a few days now I was having pressure or pain in my left eye. I was ignored and told me they do not help people on hunger strikes.

SAC (ECF No 75) at 13-14 (*verbatim*).

On July 12, 2021, Plaintiff filed a motion for leave to proceed *in forma pauperis* in the instant matter. (ECF No. 1). On November 18, 2021, Plaintiff filed an Amended Complaint naming these Defendants along with Sergeant Gillespie. In the Amended Complaint, Plaintiff

asserted numerous claims related to his conditions of confinement during his hunger strike.[1] On December 2, 2021, Defendants filed a motion to dismiss the Amended Complaint, and on August 4, 2022, the undersigned filed a Report and Recommendation recommending the motion be granted in part and denied in part. Specifically, the undersigned recommended that claims related to the suicide watch policy be dismissed with prejudice. The undersigned also recommended that claims related to the denial of medical care and conditions of confinement be permitted to proceed against Defendants Williams, Wagner, and Lebakken only. (ECF No. 64). On August 31, 2022, the District Court adopted the Report and Recommendation and permitted Plaintiff to file an SAC. (ECF No. 68).

On September 30, 2022, Plaintiff filed the SAC.[2] (ECF No. 75). On October 31, 2022, Defendants filed the instant motion to dismiss the SAC and brief in support thereof. (ECF Nos. 80, 81). On January 27, 2023, Plaintiff filed a response. (ECF Nos. 88, 89). This matter is now ripe for disposition.

### B. **Standard of Review**

To survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] Specifically, Plaintiff claimed the ACJ, through Defendants Gillespie and Williams, violated its suicide watch policy. Plaintiff also asserted that he was denied medical care for feeling sick during his hunger strike and that his rights were violated when he was placed in a "dry cell" during this hunger strike.

[2] As discussed *supra*, Plaintiff was permitted to amend his complaint with respect to his denial of medical care claim and his conditions of confinement claim. The SAC addresses only the denial of medical care claim, and in fact, addresses it in a way that was not previously raised in the previous complaint. It is well settled that "any amended complaint must be complete in all respects. It must be a new pleading which stands by itself as an adequate complaint without reference to the complaint already filed." *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992). Thus, the denial of medical care claim as set forth in the SAC is the only remaining claim in this matter at this juncture.

on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  The reviewing court must "determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).  Dismissal under Federal Rule of Civil Procedure 12(b)(6) is proper where the factual allegations of the complaint conceivably fail to raise, directly or inferentially, the material elements necessary to obtain relief under a legal theory of recovery. *Twombly*, 550 U.S. at 561.  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (2009) (citing *Twombly*, 550 U.S. at 555).  The factual and legal elements of a claim should be separated, with the court accepting all well-pleaded facts as true and disregarding all legal conclusions. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130-31 (3d Cir. 2010).  Under this standard, civil complaints "must contain more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009).  A court in making this determination must ask "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claim." *Twombly*, 550 U.S. at 583 (quoting *Scheuer v. Rhoads*, 416 U.S. 232, 236 (1974) (internal quotations omitted)).

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court may take into consideration "the allegations contained in the complaint, exhibits attached to the complaint and matters of public record" as well as "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

Furthermore, a *pro se* pleading is held to a less stringent standard than more formal

pleadings drafted by lawyers. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). As such, a *pro se* complaint pursuant to 42 U.S.C. § 1983 must be construed liberally, *Hunterson v. DiSabato*, 308 F.3d 236, 243 (3d Cir. 2002), so "as to do substantial justice." *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (citations omitted). In a section 1983 action, the court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *Riddle v. Mondragon*, 83 F.3d 1197, 2102 (10th Cir. 1996).

### C. Discussion

Defendants contend, *inter alia*, that the "alleged lack of eyedrops for approximately two days" does not amount to a Fourteenth Amendment violation. Defs.' Br. (ECF No. 81) at 4. It is Plaintiff's position that denying medical care for a period several days does indeed rise to the level of a constitutional violation. Pl.s' Br. (ECF No. 88) at 3.

Because Plaintiff was a pre-trial detainee alleging the denial of medical care, this Court considers Plaintiff's claims mindful of the following. "Under the substantive due process clause of the Fourteenth Amendment, subjecting pre-trial detainees to any form of punishment at all is an unconstitutional deprivation of their liberty." *Davis v. City of Philadelphia*, 284 F. Supp. 3d 744, 751 (E.D. Pa. 2018) (internal citations and quotation marks omitted). "The Third Circuit has recognized that inadequate conditions of confinement, including deprivation of necessary medical care, are one form of punishment impermissible under the Fourteenth Amendment." *Id*. "For a denial of medical care to constitute a violation of the Fourteenth Amendment, the [a plaintiff] must demonstrate: '(i) a serious medical need, and (ii) acts or omissions by [the individuals] that indicate

deliberate indifference to that need.' *Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)." *Mattern v. City of Sea Isle*, 657 F. App'x 134, 138 (3d Cir. 2016).  This Court will consider both prongs.

*1. Serious Medical Need*

"[A] medical need is 'serious' for purposes of a denial of medical care claim if it is either one that has been diagnosed by a physician as requiring treatment or one that is so obvious that a lay person would easily recognize the necessity for a doctor's attention." *Mattern*, 657 F. App'x at 139.  It does not appear that there is any dispute that Plaintiff was prescribed eye drops by a physician to treat his macular edema. *See* Defs.' Br. (ECF No. 81) at 4-5.  There also does not appear to be any dispute that Plaintiff did not receive these eye drops for two to three days. *Id*. Thus, at this juncture, Plaintiff has pleaded adequate facts to demonstrate he had a serious medical need.

*2. Deliberate Indifference*

The Third Circuit has "found deliberate indifference in a variety of circumstances, including where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; or (3) prevents a prisoner from receiving needed or recommended medical treatment." *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).

Instantly, Plaintiff has adequately pleaded that Defendants[3] were aware of Plaintiff's needing eye drops.  Plaintiff also asserts that he was aware they had been reordered.  However, it

---

[3] Defendants contend that they should be dismissed for lack of personal involvement. *See* Defs.' Br. (ECF No. 81) at 5-6.  Plaintiff names all three individuals in the SAC as knowing about his need for eye drops.  It may be that discovery will reveal that Defendants indeed lacked personal involvement; however, at this juncture as discussed *infra*, based on the allegations in the SAC, it is respectfully recommended that Plaintiff be permitted to pursue that discovery.

is not clear whether the delay in that medical treatment was based on a non-medical reason or if there was more that prison officials could have or should have done.  In addition, Plaintiff alleges he suffered from pain and pressure without access to these eye drops.  Thus, it is respectfully recommended that Plaintiff is entitled to discovery to explore this claim.[4] *See Bonner v. Sipple*, 392 F. Supp. 3d 594, 600 (E.D. Pa. 2019) (holding that withholding medical treatment for two days under some circumstances could rise to the level of deliberate indifference to a serious medical need); *Dews v. Pa. Dep't of Corr.*, 2015 WL 1033275, at *4 (E.D. Pa. Mar. 9, 2015) ("Withholding pain medication from a prisoner who is in pain may constitute deliberate indifference to a serious medical need.").

Based on the foregoing, it is respectfully recommended that Defendants' motion to dismiss be denied, and that Plaintiff be permitted to pursue his claim for a Fourteenth Amendment violation

---

[4] Defendants also contend they are entitled to qualified immunity.  *See* Defs.' Br. (ECF No. 81) at 6-8.  "[W]hen the defense of qualified immunity is raised on a motion to dismiss, the court must address the issue and accept all allegations of the complaint as true in applying the analysis." *Siehl v. City of Johnstown*, 365 F. Supp. 3d 587, 601 (W.D. Pa. 2019).

> The doctrine of qualified immunity provides that "government officials performing discretionary functions ... are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Therefore, government officials are protected by immunity in their individual capacities unless, "taken in the light most favorable to the party asserting the injury, ... the facts alleged show the officer's conduct violated a constitutional right" and "the right was clearly established" at the time of the alleged constitutional violation. *Saucier v. Katz*, 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

*Siehl*, 365 F. Supp. 3d at 600.  "Importantly, qualified immunity issues, such as whether there was a constitutional violation, may require the kind of factual context that is available only on summary judgment or at trial." *Id*. at 601.  At this stage of proceedings, because the question of whether Plaintiff suffered a constitutional violation is outstanding, it is respectfully recommended that it is premature to determine whether Defendants are entitled to qualified immunity.

against Defendants in their individual capacities.[5]

### D. Conclusion

For all the foregoing reasons, it is respectfully recommended that Defendants' motion to dismiss be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the Plaintiff, because he is a non-electronically registered party, must file objections to this Report and Recommendation by **April 6, 2023,** and Defendants are allowed until **April 3, 2023,** to file objections. Failure to timely file objections will constitute a waiver of any appellate rights. *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their objections and any response to the initial objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.

Dated: March 20, 2023.

s/Cynthia Reed Eddy  
Cynthia Reed Eddy  
United States Magistrate Judge

cc: Cathy Bissoon, District Judge  
(via ECF)

JUSTIN M. MILLER  
QP4375  
SCI ALBION  
10745 ROUTE 18  
ALBION, PA 16475-0001

Counsel of Record  
(via ECF)

---

[5] Defendants assert that Plaintiff has failed to state claims against Defendants in their official capacities pursuant to *Monell v. Dep't. of Soc. Serv.*, 436 U.S. 658 (1978). *See* Defs.' Br. (ECF No. 81) at 8-10. Plaintiff does not contest this argument in his response, and it does not appear that Plaintiff was raising claims against Defendants in their official capacities. Accordingly, it is appropriate for these claims to proceed against Defendants in their individual capacities only.