IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| JUSTIN M. MILLER, | ) |
| Plaintiff, | ) Case No. 2:21-cv-00870 |
| vs. | ) United States District Judge<br>) Cathy Bissoon |
| LAURA WILLIAMS, CHIEF DEPUTY WARDEN OF MEDICAL SERVICES; CORRECTIONS OFFICER WAGNER, MEGAN LEBAKKEN, MENTAL HEALTH SPECIALIST, | ) United States Magistrate Judge<br>) Cynthia Reed Eddy |
| Defendants. | ) |

**REPORT AND RECOMMENDATION**[1]

**CYNTHIA REED EDDY, United States Magistrate Judge**

**I.      Recommendation**

It is respectfully recommended that Plaintiff's Motion for Preliminary Injunction (ECF No. 8) be denied as moot.

**II.     Background**

Plaintiff, Justin M. Miller, is a convicted state prisoner in the custody of the Pennsylvania Department of Corrections. The events giving rise to this lawsuit occurred while Plaintiff was a pre-trial detainee at the Allegheny County Jail ("ACJ"). Plaintiff alleges that Defendants were deliberately indifferent to his serious medical and mental health care needs.

Plaintiff seeks preliminary injunctive relief in the form of an order directing that Defendants provide him with appropriate medical care and mental health treatment and medical care in accordance with ACJ policies. Since the filing of this motion, Plaintiff has notified the

---

[1]      This case has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

1

Court that he has been transferred out of the county jail and is now in the custody of the Department of Corrections and housed at SCI-Albion.

### III.    Discussion

It is well established that temporary or preliminary injunctive relief is "an extraordinary remedy" and "should be granted only in limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004) (quoting *American Tel. & Tel. Co. v. Winback & Conserve Program, Inc.*, 42 F.3d 1421, 1427 (3d Cir. 1994)). In evaluating a movant's request for a temporary restraining order or preliminary injunctive relief, courts employ the familiar four-factor balancing test. *Reilly v. City of Harrisburg*, 858 F.3d 173, 176-79 (3d Cir. 2017). That test requires that the movant demonstrate a reasonable probability of eventual success in the litigation, and that it is more likely than not that he will suffer irreparable injury in the absence of immediate injunctive relief. *Id.* The remaining two factors are the possibility of harm to other interested persons from the grant or denial of the injunction, and the public interest. *Id*. If the movant meets his burden with respect to the first two factors, which are the "most critical[,]" "a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Id*. at 179.

Plaintiff's claims are specific to ACJ and its alleged deficient mental health and medical care services.  Plaintiff, however, has been transferred from ACJ and, therefore, he is no longer subjected to its alleged inadequate mental health and medical services.  Since Plaintiff is no longer at ACJ and there is nothing indicating that he will be returned there, he can demonstrate neither likelihood of success on the merits of his claim for prospective relief nor irreparable injury from the denial of preliminary injunctive relief.  Accordingly, it is recommended that the motion for preliminary injunction be denied because it is moot. *See, e.g., Sutton v. Rasheed*, 323 F.3d 236,

248-50 (3d Cir. 2003) (when an inmate is transferred from the facility complained of, injunctive claims are generally mooted) (citing *Abdul-Akbar v. Watson*, 4 F.3d 195, 206 (3d Cir. 1993)).

## IV. Conclusion

For the foregoing reasons, it is recommended that Plaintiff's request for preliminary injunction (ECF No. 8) be denied as moot.

Any party is permitted to file Objections to this Report and Recommendation to the assigned United States District Judge. In accordance with 28 U.S.C. § 636(b), Fed.R.Civ.P. 6(d) and 72(b)(2), and LCvR 72.D.2, Plaintiff, because he is a non-electronically registered party, must file objections to this Report and Recommendation by **May 30, 2023,** and Defendants, because they are electronically registered parties, must file objections, if any, by **May 24, 2023**. The parties are cautioned that failure to file Objections within this timeframe "will waive the right to appeal." *Brightwell v. Lehman*, 637 F.3d 187, 193 n. 7 (3d Cir. 2011) ) (*quoting Siers v. Morrash*, 700 F.3d 113, 116 (3d Cir. 1983). *See also EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (describing standard of appellate review when no timely and specific objections are filed as limited to review for plain error).

Dated:  May 10, 2023                                  s/ Cynthia Reed Eddy
                                                                  Cynthia Reed Eddy
                                                                  United States Magistrate Judge

cc:     **JUSTIN M. MILLER**
         NM1628
         SCI ALBION
         10745 ROUTE 18
         ALBION, PA 16475-0001
         (via U.S. First Class Mail)

         Frances M. Leibenguth
         Allegheny County Law Department
         (via ECF electronic notification)